**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 19, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ROBERT RAY YOUNG,

      Plaintiff - Appellant,

v.

NICOLE RENNE,

      Defendant - Appellee.

No. 16-3227
(D.C. No. 2:15-CV-09269-JAR-GLR)
(D. Kansas)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **MORITZ**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff filed a complaint pro se against Defendant, whom he identifies as the manager or co-owner of the Gladstone Creek Apartments in Gladstone, Missouri. Plaintiff alleged breach of contract and violations of the Fourteenth

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Amendment of the Constitution, the Americans with Disabilities Act, and the Fair Housing Act.

The district court dismissed the complaint without prejudice for failure to establish personal jurisdiction. Neither Plaintiff nor Defendant reside in Kansas, and it does not appear that any of the facts presented in the complaint relate in any way to Kansas. Indeed, Plaintiff has not alleged that Defendant has any contact with Kansas, let alone the minimum contacts required to satisfy due process.

The district court also correctly held that venue was not proper in the District of Kansas under 28 U.S.C. § 1391(b), and it declined to transfer the case. It further denied Plaintiff's motion to amend the complaint to add additional defendants; none of these defendants would have cured the jurisdictional problem. We find no error in these decisions.

Though not in the pleadings, we understand from the record that Plaintiff was hit by a car in 2006 and that he suffered a traumatic brain injury. As a result, Plaintiff has impaired cognition, impaired mobility, and impaired self-care. It also appears from the record that Plaintiff has filed a complaint with Housing and Urban Development, which referred the complaint to the Missouri Commission on Human Rights for investigation as required by the Fair Housing Act, 42 U.S.C. 3610(f). Plaintiff has filed a second complaint with the Missouri Commission on Human Rights, which may be related to this case.

We make clear that the order dismissing without prejudice this pro se complaint is not a judgment on the merits, but only a dismissal for selecting the wrong court. Thus, Plaintiff is free to refile the case in the proper district.

We **AFFIRM** the district court's dismissal of Appellant's complaint for lack of personal jurisdiction.  We also **AFFIRM** the district court's decision not to transfer the case to another venue.  We **DENY** Appellant's request for the appointment of counsel to represent him in this appeal.

Entered for the Court


Monroe G. McKay
Circuit Judge